An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-23

NORTH CAROLINA COURT OF APPEALS

Filed:  17 June 2014

IN THE MATTER OF:

    T.L.F.                       Wilkes County

    M.D.F.                       Nos. 12 JT 88-89

Appeal by respondent-mother by *writ of certiorari* from order entered 26 September 2013 by Judge Michael D. Duncan in Wilkes County District Court.  Heard in the Court of Appeals 29 May 2014.

> *Paul W. Freeman, Jr., for petitioner-appellee Wilkes County Department of Social Services.*

> *Mark Hayes, for respondent-appellant mother.*

> *Ivey, McClellan, Gatton & Talcott, L.L.P., by Charles (Chuck) M. Ivey, IV, for guardian ad litem.*

CALABRIA, Judge.

Respondent-mother ("respondent") appeals by *writ of certiorari* from the trial court's order terminating her parental rights to the juveniles T.L.F. and M.D.F. (collectively "the

juveniles"). The juveniles' father is not a party to this appeal. We affirm.

The Wilkes County Department of Social Services ("DSS") first became involved with the family after reports of domestic violence and substance abuse. In July 2012, DSS filed juvenile petitions alleging the juveniles were abused, neglected, and dependent. The juveniles were adjudicated abused, neglected, and dependent in February 2013. After a permanency planning hearing, the trial court changed the juveniles' permanent plan from reunification to adoption.

In March 2013, DSS filed petitions to terminate respondent's parental rights to the juveniles. DSS alleged, *inter alia*, that both children were neglected and that respondent willfully abandoned them for at least six consecutive months immediately preceding the filing of the petition. In addition, respondent had committed a felony assault on another child who resided in the home. *See* N.C. Gen. Stat. ' 7B-1111(a)(1), (7)-(8) (2013). After a hearing, the trial court entered an order concluding that grounds existed to terminate respondent's parental rights based on neglect, abandonment, and felony assault on another child. The trial court determined

that termination of respondent's parental rights was in the juveniles' best interests. Respondent appeals.

On 6 February 2014, respondent filed a petition for *writ of certiorari*, acknowledging defects in her notice of appeal. When the record indicates that the parent desired to appeal and cooperated with counsel's efforts to give proper notice of appeal, this Court may exercise its discretion and issue a *writ of certiorari* to review orders terminating parental rights pursuant to N.C.R. App. P. 21(a)(1). *In re I.T.P-L.*, 194 N.C. App. 453, 460, 670 S.E.2d 282, 285 (2008), *disc. review denied*, 363 N.C. 581, 681 S.E.2d 783 (2009). Because it appears from the record that respondent expressed her desire to appeal and cooperated with counsel's efforts to enter notice of appeal, we allow respondent's petition for *writ of certiorari*.

Respondent's counsel has filed a no-merit brief pursuant to North Carolina Rule of Appellate Procedure 3.1(d) stating that, after thoroughly reviewing the trial record and transcript, he has concluded there is no meritorious argument on which to base an appeal. He requests this Court conduct an independent examination of the case. Counsel directs this Court's attention to potential issues regarding the trial court's consideration of the bond between the juveniles and their maternal grandmother as

well as the trial court's consideration of the maternal grandmother as a possible placement. However, counsel ultimately concedes that "the trial court did not abuse its discretion in terminating [respondent's] parental rights." Respondent has not filed her own written arguments.

After reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's order. The trial court's findings of fact support at least one ground for termination, and the trial court did not abuse its discretion in determining that termination is in the juveniles' best interests. N.C. Gen. Stat. §§ 7B-1110, 7B-1111 (2013). Therefore, we affirm the order terminating respondent's parental rights.

Affirmed.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).